IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **Walter R. Karpinia,** )<br>)<br>**Plaintiff,** )<br>)<br>)<br>**v.** )<br>)<br>**American Association of Medical Colleges,** *et al.***,** )<br>)<br>**Defendants.** )<br>) | Civil Action No. 14-cv-00349-CKK |

**STATEMENT OF POINTS AND AUTHORITIES
<u>IN SUPPORT OF AAMC'S MOTION TO DISMISS</u>**

<div style="text-align: right;">
Robert A. Burgoyne
D.C. Bar No. 366757
FULBRIGHT & JAWORSKI LLP
801 Pennsylvania Avenue, NW
Washington, D.C. 20004-2623
Telephone: (202) 662-4513
Facsimile: (202) 662-4643

Attorneys for Defendant Association of
American Medical Colleges
</div>

May 23, 2014

40578865.1

# **TABLE OF CONTENTS**

TABLE OF CONTENTS ..................................................................................................................i

TABLE OF AUTHORITIES ......................................................................................................... ii

STATEMENT OF FACTS ............................................................................................................. 1

ARGUMENT .................................................................................................................................. 3

I.     MR. KARPINIA'S COMPLAINT FAILS TO COMPLY WITH FED. R. CIV. P. 8(**a**) AND FAILS TO STATE A CLAIM AGAINST AAMC. .......................................... 3

    A.     Karpinia Fails to State a Claim Against AAMC Under the ADEA. ....................... 5

    B.     Karpinia Fails to State a Claim Against AAMC Under the Human Rights Act of the District of Columbia. ................................................................................ 6

    C.     Karpinia Fails to State a Claim Against AAMC Under the Sherman Antitrust Act. ............................................................................................................ 7

    D.     Karpinia Fails to State a Claim Against AAMC Under Federal Immigration Law. ................................................................................................... 8

CONCLUSION ............................................................................................................................... 9

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Arencibia v. 2401 Restaurant Corp.*,
　699 F. Supp. 2d 318 (D.D.C. 2010) ................................................................................................6

*Ashcroft v. Iqbal*,
　556 U.S. 662 (2009) ..................................................................................................................3, 4

*Bell Atlantic Corp. v. Twombly*,
　550 U.S. 544 (2007) ..................................................................................................................3, 4

*\*Ficken v. Rice*,
　No. 04-1132, 2007 U.S. Dist. LEXIS 22852 (D.D.C. Mar. 29, 2007) .......................................5, 6

*Gersman v. Group Health Ass'n, Inc.*,
　931 F.2d 1565 (D.C. Cir. 1991) ....................................................................................................7

*Jeffries v. District of Columbia*,
　917 F. Supp. 2d 10 (D.D.C. 2013) .................................................................................................7

*\*Jolevare v. Alpha Kappa Alpha Sorority, Inc.*,
　521 F. Supp. 2d 1 (D.D.C. 2007) ...................................................................................................7

*\*Koch v. Holder*,
　930 F. Supp. 2d 14 (D.D.C. 2013) .................................................................................................5

*\*Samuels v. Rayford*,
　No. 91-0365, 1995 U.S. Dist. LEXIS 21798 (D.D.C. Apr. 10, 1995) ..........................................6

*\*Shah v. Wilco Sys., Inc.*,
　126 F. Supp. 2d 641 (S.D.N.Y. 2000) .......................................................................................8, 9

*\*Venkatraman v. REI Sys., Inc.*,
　417 F.3d 418 (4th Cir. 2005) .........................................................................................................8

**Federal Statutes**

8 U.S.C. § 1182 ......................................................................................................................4, 5, 8, 9

15 U.S.C. § 1 .............................................................................................................................4, 7

*15 U.S.C. § 37b ..............................................................................................................................5, 8

29 U.S.C. § 623 ................................................................................................................................5

**District Statute**

D.C. Code § 2-1402 ......................................................................................................................4, 6, 7

**Federal Regulations**

29 C.F.R. § 655.705 ............................................................................................................................4

20 C.F.R. § 655.706 ............................................................................................................................8

**Federal Rules**

Fed. R. Civ. P. 8 ......................................................................................................................1, 3, 4, 8

Fed. R. Civ. P. 12(b)(6) ...............................................................................................................1, 4, 8

Although it is not clear from his Amended Complaint (D.E. 3), plaintiff Walter Karpinia ("Karpinia") appears to claim that the Association of American Medical Colleges ("AAMC")[1] and the three other defendants have violated the Age Discrimination in Employment Act ("ADEA"), Amended Complaint ¶ 26, and the "antitrust laws of the United States," *id.* at ¶ 29, in connection with Mr. Karpinia's desire to become a "Medical Doctor," *id.* ¶ 4. He also references (but does not appear to be seeking relief under) the "Human Rights Act of the District of Columbia" and the "Immigration law of the Unites States." *Id.* ¶¶ 2, 24 and 25).

Mr. Karpinia's claims are baseless and should be dismissed. In addition to failing to satisfy the basic pleading standards of Fed. R. Civ. P. 8, Mr. Karpinia has failed to state a claim against AAMC for which relief can be granted, thereby warranting dismissal under Fed. R. Civ. P. 12(b)(6).

## STATEMENT OF FACTS

Founded in 1876 and based in Washington, D.C., AAMC is a not-for-profit association representing all 141 accredited U.S. and 17 accredited Canadian medical schools; nearly 400 major teaching hospitals and health systems, including 51 Department of Veterans Affairs medical centers; and 90 academic and scientific societies. Through these institutions and organizations, the AAMC represents 128,000 faculty members, 83,000 medical students, and 110,000 resident physicians. *See generally* https://www.aamc.org/about/. As a membership association, AAMC works with its members to set a national agenda for medical education, biomedical research, and health care, and assists its members by providing services at the national level that facilitate the accomplishment of their missions.

---

[1] AAMC is incorrectly referred to as the "American Association of Medical Colleges" in Mr. Karpinia's Amended Complaint.

In addition to suing AAMC, Mr. Karpinia has sued two additional organizations -- the Educational Commission for Foreign Medical Graduates ("ECFMG"), and the National Resident Matching Program ("NRMP") -- and an individual, Dr. Emmanuel Cassimatis ("Dr. Cassimatis"). He refers to the defendants collectively throughout his complaint as the "Defendants," without stating which entity or entities engaged in the particular conduct he is alleging, and without explaining what role, if any, Dr. Cassimatis purportedly played in any of the alleged conduct. He refers to Dr. Cassimatis by name only once in the body of his complaint, saying that he is "a Medical Doctor and was President and Chief Executive of the ECFMG when he signed the Certification of Plaintiff in May 2012." Amended Complaint ¶ 14.

Mr. Karpinia was born in 1960 and is a citizen of the United States. *See id.* ¶ 1.[2] He worked "as a full-time Structural Engineer" from 1988 until 2007, and then "decided to become a Medical Doctor." *Id.* ¶ 4. He graduated in 2011 from a medical college on the West Indies island of St. Kitts. *Id.* ¶ 4.

According to Mr. Karpinia, each of the "organizational Defendants" is "owned" by "about 125 or more members who are also medical colleges in the United States and is managed and operated by accredited medical schools in the United States and by approximately 375 major teaching hospitals and health systems." *Id.* ¶ 13. He claims the "Defendants" have "prevented [him] from completing the training and experience he needs to practice medicine and gain income commensurate with other Resident Physicians" and denied "him the opportunity to become a Resident doctor and a full medical doctor," thereby preventing him from being selected "for employment by a hospital, medical firm, and or other health organization." *Id.* ¶

---

[2] For purposes of this motion, AAMC accepts as true Mr. Karpinia's statements regarding his background.

28. He alleges that "Defendants" have granted unlawful preferences to foreign nationals seeking residency positions in the United States, and have unlawfully denied the residency applications of individuals who are over the age of 50, in violation of the ADEA. *See id.* ¶¶ 17, 24, 26, 28. In addition, he alleges that the medical residency "Match" program, purportedly operated by all "Defendants," violates "the antitrust laws of the United States." *See id.* ¶ 29.

As relief, Mr. Karpinia seeks "an Injunction prohibiting the Defendants from continuing the use of an age discriminatory Match system that excludes or tends to exclude older prospective employees from positions as Resident Doctors," as well as a "Declaratory Judgment that ... the Match system is unlawful under the ADEA and the Sherman and other Anti-trust laws." Amended Complaint at p. 8 ("Conclusion"). He also requests that the Court "require the Defendant [(he does not say which one)] to make whole the Plaintiff by granting his request for relief, including back pay and loss of income, and [grant] a declaratory judgment that the conduct of the three Defendants [(he does not say which three)] was unlawful and grant the Plaintiff the preference over alien applicants for admission to practice medicine in the United States." *Id.*

## ARGUMENT

I. **MR. KARPINIA'S COMPLAINT FAILS TO COMPLY WITH FED. R. CIV. P. 8(a) AND FAILS TO STATE A CLAIM AGAINST AAMC.**

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." While this requirement does not necessitate "detailed factual allegations," it does require "more than unadorned, the-defendant-unlawfully-harmed-me accusations." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will

not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

To satisfy Rule 8 and overcome a motion to dismiss under Rule 12(b)(6), a party must state a claim for relief that "allows the court to draw the reasonable inference that the defendant is liable…." *Id.* (citation omitted). Such an inference cannot be drawn based on the pleading of facts suggesting "a sheer possibility that a defendant has acted unlawfully." *Id.* (citation and internal quotation marks omitted).

These requirements are not met here. The nature of Mr. Karpinia's legal claims is unclear, both factually and legally. For purposes of this motion, however, AAMC assumes that Mr. Karpinia is alleging violations of the following laws: (1) the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 631; (2) the Human Rights Act of the District of Columbia, D.C. Code § 2-1402 ("DCHRA"); (3) the Sherman Antitrust Act, 15 U.S.C. § 1; and (4) federal immigration law, 8 U.S.C. § 1182 and 29 C.F.R. § 655.705. *See* Amended Complaint ¶¶ 2, 28, 29. His complaint, however, contains only "unadorned, the-defendant-unlawfully-harmed-me" accusations. There are insufficient factual allegations to support a plausible claim that AAMC violated any of the statutes recited by Karpinia. *See* Fed. R. Civ. P. 8(a)(2); 12(b)(6).

Moving beyond his pleading deficiencies, Mr. Karpinia's claims fail as a matter of law because: (1) AAMC is not and has never been Mr. Karpinia's employer or prospective employer and therefore cannot be liable to Mr. Karpinia under the ADEA or the DCHRA; (2) Mr. Karpinia's claim that the Match program violates federal antitrust law is foreclosed by a federal statute which provides that sponsoring, conducting, or participating in the Match program does

not constitute a violation of antitrust laws, *see* 15 U.S.C. § 37b; and (3) there is no private right of action for alleged violations of 8 U.S.C. § 1182(n).

For all of these reasons, Mr. Karpinia's claims against AAMC must be dismissed.

### A. Karpinia Fails to State a Claim Against AAMC Under the ADEA.

Karpinia alleges generally that "[t]he conduct of the Defendant in denying applicants or candidates for employment as Resident Doctors who are age 50 or above violates the Age Discrimination in Employment Act." Amended Complaint ¶ 26. He seeks an injunction "that prohibits the Defendants from use of age as a bar to employment or as a factor in selection procedures [and] requires the Defendants to advise their subordinates and members that use of age or age related features as factor [*sic*] in the selection of Resident Doctors is prohibited." *Id.* ¶ 28. At no point does Karpinia allege that AAMC uses age as a bar to employment or as a factor in selection procedures, either generally or in any way applicable to Karpinia.

Under the ADEA, it is "unlawful for an employer . . . to 'fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age[.]" 29 U.S.C. § 623(a). The ADEA applies to *employers.* Karpinia does not and could not allege that AAMC is his employer or that he sought employment with AAMC. AAMC, therefore, cannot be held liable to Karpinia under the ADEA. *See Koch v. Holder*, 930 F. Supp. 2d 14, 17 (D.D.C. 2013) (explaining that the ADEA covers only "employees in a direct employment relationship with the employer" and applicants for employment) (internal quotation marks omitted; citations omitted).

Karpinia's allegations are similar to those of the plaintiff in *Ficken v. Rice*, No. 04-1132, 2007 U.S. Dist. LEXIS 22852 (D.D.C. Mar. 29, 2007). Ficken complained that the Foreign Service Written Examination administered by defendant ACT, Inc., was "inherently age

discriminatory" and unlawfully blocked his employment with the State Department. *See id.* at *2-5. The court held: "Although Ficken applied for employment with the State Department, the complaint alleges neither the existence of an employment relationship between Ficken and ACT, nor the intention to create an employment relationship between Ficken and ACT. ACT, therefore, cannot be held liable under the ADEA." *See id.* at *8 (citations omitted). Similarly here, Karpinia has failed to allege any actual or prospective employment relationship between himself and AAMC. Thus, AAMC cannot be held liable to Karpinia under the ADEA, and this claim against AAMC must be dismissed.

### B. Karpinia Fails to State a Claim Against AAMC Under the Human Rights Act of the District of Columbia.

Karpinia references the DCHRA as a basis for jurisdiction in this case, *see* Amended Complaint ¶ 2, but he does not plead any violation by AAMC of any particular provision of the statute. To the extent that Karpinia is attempting to plead a claim under the DCHRA, this claim must also be dismissed, for two reasons.

First, the claim is too conclusory. *See generally Arencibia v. 2401 Restaurant Corp.*, 699 F. Supp. 2d 318, 325 (D.D.C. 2010) (generalized allegations that individuals were terminated because of religious observances were too conclusory to state a DCHRA claim). Second, the statute does not apply to the facts he has alleged.

The DCHRA provides as follows:

> Every individual shall have an equal opportunity to participate fully in the economic, cultural and intellectual life of the District and to have an equal opportunity to participate in all aspects of life, including, but not limited to, in employment, in places of public accommodation, resort, or amusement, in educational institutions, in public service, and in housing and commercial space accommodations.

D.C. Code § 2-1402.01. "[T]he DCHRA applies only to those categories of cases specifically enumerated in the statute." *Samuels v. Rayford*, No. 91-0365, 1995 U.S. Dist. LEXIS 21798, at


\*13 (D.D.C. Apr. 10, 1995) (citing *Gersman v. Group Health Ass'n, Inc.*, 931 F.2d 1565, 1574 (D.C. Cir. 1991)); *accord Jeffries v. District of Columbia*, 917 F. Supp. 2d 10, 48 (D.D.C. 2013).

Karpinia lives in Florida.  *See* Amended Complaint ¶ 1.  He does not allege that he was subjected to discriminatory actions by AAMC as a place of public accommodation, resort or amusement; as an educational institution; in a public service; or with respect to housing or commercial space accommodations.  The only remaining category is "employment."  Karpinia alleges generally that his ability to obtain employment as a doctor has been impacted in some unspecified way based on the acts of one or more of the defendants, but the DCHRA only applies if Karpinia was AAMC's employee.  *See Jolevare v. Alpha Kappa Alpha Sorority, Inc.*, 521 F. Supp. 2d 1, 7-8 (D.D.C. 2007) ("Here, the plaintiffs' DCHRA claim fails because they have not presented sufficient evidence to establish that their relationship with the defendant was that of an employee and an employer within the meaning of the DCHRA.").  Karpinia, however, does not allege that he is, or was, an employee or prospective employee of AAMC.  Therefore, he cannot pursue a claim against AAMC under the DCHRA.

### C. Karpinia Fails to State a Claim Against AAMC Under the Sherman Antitrust Act.

Karpinia alleges that all of the defendants are involved in the operation of the "Match" system, which places prospective medical residency applicants with medical residency providers.  *See* Amended Complaint ¶ 29.  He claims that the Match is a "system which eliminates a competitive market and substitutes a centralized 'anti-competitive allocation system that assigns to a single specified residency program' that is violation of the antitrust laws of the United States."  *Id.*

Assuming, for present purposes only, that AAMC were actually involved in operating the Match (which it is not), Karpinia's antitrust claim is foreclosed as a matter of law:

> It shall not be unlawful under the antitrust laws to sponsor, conduct, or participate in a graduate medical education residency matching program, or to agree to sponsor, conduct, or participate in such a program. Evidence of any of the conduct described in the preceding sentence shall not be admissible in Federal court to support any claim or action alleging a violation of the antitrust laws.

15 U.S.C. § 37b(b)(2). This statute was passed to "confirm that the antitrust laws do not prohibit sponsoring, conducting, or participating in a graduate medical education residency matching program, or agreeing to do so," and to "ensure that those who sponsor, conduct or participate in such matching programs are not subjected to the burden and expense of defending against litigation that challenges such matching programs under the antitrust laws." *Id.* at § 37b(a)(2).

By the plain language of this statute, Karpinia's legal challenge to the Match under antitrust laws cannot proceed.

> **D. Karpinia Fails to State a Claim Against AAMC Under Federal Immigration Law.**

Karpinia alleges that all defendants have given unlawful preferences to foreign nationals who seek medical residencies in the United States. *See* Amended Complaint ¶¶ 17-25, 28. Apparently relying on 8 U.S.C. § 1182(n)(1)(E)-(G) and 20 C.F.R. § 655.706(c)(1), *see* Amended Complaint ¶¶ 24-25, Karpinia alleges that "[t]he conduct of the Defendants has prevented Plaintiff from selection for employment by a hospital, medical firm, and or other health organization, by qualifying and placing non-U.S. Citizens in place of U.S. Citizens for financial gain[.]" *Id.* at ¶ 28.

Karpinia does not appear to be asserting a separate legal claim under this immigration statute. To the extent he intended to do so, his wholly conclusory allegations fail to satisfy Fed. R. Civ. P. 8(a)(2), and also fail to state a claim under Fed. R. Civ. P. 12(b)(6). There is no private right of action to enforce 8 U.S.C. § 1182(n). *See Venkatraman v. REI Sys., Inc.*, 417 F.3d 418, 422-24 (4th Cir. 2005); *Shah v. Wilco Sys., Inc.*, 126 F. Supp. 2d 641, 648-49

(S.D.N.Y. 2000). Instead, parties who believe they have been injured as a result of an *employer's* violation of the statute may pursue administrative remedies, as set forth in the statute and its implementing regulations. *See id.*

Accordingly, Karpinia's claim against AAMC for alleged violation of 8 U.S.C. § 1182(n) must also be dismissed.

## CONCLUSION

Karpinia's claims against AAMC should be dismissed with prejudice.

Dated: May 23, 2014

Respectfully submitted,

/s/ Robert A. Burgoyne
Robert A. Burgoyne
D.C. Bar No. 366757
FULBRIGHT & JAWORSKI LLP
801 Pennsylvania Avenue, NW
Washington, D.C. 20004-2623
Telephone: (202) 662-4513
Facsimile: (202) 662-4643

Attorneys for Defendant Association of American Medical Colleges